IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DALE BUTLER**                                                                              **PLAINTIFF**

                                                            **CIVIL ACTION NO. 5:05cv81-DCB-MTP**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY**                                                                    **DEFENDANT**

## OPINION AND ORDER

Plaintiff Dale Butler ("Butler") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") requesting judicial review of a final decision of the Commissioner denying his claim for disability benefits. The matter comes before the court at this time on motion of the defendant ("Commissioner") to dismiss for lack of jurisdiction [2]. After careful consideration of the submissions of the parties and the applicable law, the court finds that the motion should be considered as a motion for summary judgment under Federal Rule of Civil Procedure 56[1] and should be GRANTED.

### *PROCEDURAL HISTORY*

Butler applied for disability benefits on September 4, 2001. [2-2] at 9. His application was denied initially on October 17, 2001 and, upon reconsideration, on January 29, 2002. *Id*. On April 1, 2002, Butler filed a timely request for a hearing before an Administrative Law Judge. The hearing was held on November 9, 2004, and on January 11, 2005, the Administrative Law Judge issued a written decision denying the plaintiff's claim for benefits. *Id*.

---

[1]As matters outside the pleadings were included in the motion to dismiss and considered by the court, the motion must be treated as a motion for summary judgment and disposed of under the provisions of Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(b); *Flores v. Sullivan,* 945 F.2d 109, 111 n. 3 (5th Cir. 1991).

Aggrieved by the Administrative Law Judge's decision, Butler requested review of the decision by the Appeals Council. The Appeals Council denied the request for review and, on March 17, 2005, sent Butler notice of its decision and of his right to file a civil action within sixty days. [2-2] at 17. Butler instituted this action by filing his complaint on May 25, 2005, sixty-seven days after the notice was mailed to him. In response, the Commissioner filed the instant motion to dismiss on grounds that this court lacks jurisdiction to entertain this matter because the complaint was not timely filed.

## LEGAL ANALYSIS

The deadline for filing a request for review of a final decision[2] of the Appeals Council is set forth in the Act:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

The Social Security Administration regulation implementing this portion of the Act provides:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.
>      ....

---

[2]The "Notice of Appeals Council Action" mailed to Butler on March 17, 2005, indicates that the Appeals Council's denial of review "means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." [2-2] at 17.

©) Time for instituting civil action.  Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210.

Thus, under the regulations, the sixty-day period begins when notice is received by the claimant, and it is presumed that the claimant received the notice five days after the date of the notice.  Butler does not contend that the Commissioner failed to provide him notice of the deadline for filing a civil action or that he failed to receive the notice.  Butler therefore had sixty-five days from the date of the notice–March 17, 2005–to file this suit.  *See Flores v. Sullivan,* 945 F.2d 109, 111 (5th Cir. 1991).  As the sixty-fifth day, May 21, fell on a Saturday,  the complaint must have been filed on Monday, May 23 to be timely.   It was not filed until May 25.

Butler candidly admits that his complaint was filed at least two days after the deadline and attempts to explain the belated filing by pointing to the "abrupt" and "unexpected" departure of a staff member.  Plaintiff's Response to Motion [5] at ¶¶ 6-7.

Although the regulations allow the Commissioner to extend the limitation period for a claimant who fails timely to bring suit where the claimant demonstrates "good cause,"[3] Butler made no request for an extension of time to file this civil action.  *See* Declaration of Patrick J. Herbst [2-2] at 4, ¶ (3) (b).   He simply argues that because "the amount of time here at issue, two days, is small and will not prejudice the defendant" the court should dispense with the filing

---

[3]*See* 20 C.F.R. §§ 404.982, 416.1482, 422.210(c).

deadline.  Response [5] at ¶ 9.

"The Supreme Court has held that the sixty-day period set forth in section 405(g) is a statute of limitation instead of a jurisdictional bar." *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir.1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976)); *see also Triplett v. Heckler,* 767 F.2d 210, 211 & n. 1 (5th Cir. 1985), *cert. denied,* 474 U.S. 1104 (1986). The limitations embodied in § 405(g) serve as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481 (1986).  As Butler concedes that he failed to file within the applicable time period, his petition is barred absent some recognized exception to the statute of limitations.

If a claimant fails timely to file or obtain an extension of time to file the action for review, in appropriate situations, he may invoke the doctrine of equitable tolling. *See Flores,* 945 F.2d at 113 (citing *Bowen,* 476 U.S. at 480).  However, the circumstances before this court do not permit equitable tolling.  Butler simply claims that the late filing was somehow due to the loss of an office staff member at some unspecified time period and, accordingly, that the court should excuse the late filing. Under *Bowen* and *Flores* this reason is insufficient to warrant equitable tolling.  *See also Barrs v. Sullivan*, 906 F.2d 120 (5th Cir. 1990) (also relying on *Bowen* to conclude that equitable tolling did not apply).

This is not one of those rare cases "where the equities in favor of tolling the limitations period are so great" as to excuse the plaintiff's untimely filing of this action.  *Bowen*, 476 U.S. at 480.  Accordingly, as Butler's petition was not timely filed and the circumstances do not permit equitable tolling of the applicable statute of limitations, summary judgment is appropriate.

It is, therefore, ORDERED and ADJUDGED, that the Commissioner's Motion for

Summary Judgment [2] be, and hereby is, GRANTED, and this matter is dismissed with prejudice.

    SO ORDERED, this the 28th day of September, 2006.

                                              S/DAVID BRAMLETTE
                                              United States District Judge